IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**HERB KIMBLE** | Criminal No: 3:19-cr-277-JFA<br>3:26-cr-550-JFA<br><br>Amended SU<br>**PLEA AGREEMENT** [initials] |

**General Provisions**

This PLEA AGREEMENT is made this 10th day of August 2026, between the United States of America, as represented by United States Attorney BRYAN P. STIRLING, Assistant United States Attorney Samantha Usher; Assistant United States Attorney Winston Holliday; the Defendant, **HERB KIMBLE**, and Defendant's attorneys, James Griffin and Maggie Fox. IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to waive Indictment and arraignment, and plead guilty to the Information now pending in case number 3:19-cr-277-JFA, which charges "Conspiracy Against the United States," in violation of Title 18, U.S.C. § 371. The Defendant also agrees to plead guilty to counts 1-3 of the Indictment now pending in case number 3:26-cr-550-JFA, which charge "Failure to Appear," in violation of Title 18, U.S.C. § 3146.

a. **Case Number 3:19-cr-277-JFA**:

In order to sustain its burden of proof, the Government is required to prove the following:

**Count 1**
*(Criminal Conspiracy)*

A. First, that two or more persons agreed to defraud the United States;

B. Second, that at some time during the existence of the conspiracy or agreement, one of the members of the conspiracy knowingly performed one of the overt acts charged in the indictment in order to accomplish the objects or purpose of the agreement; and

C. Third, that the Defendant had the intent to agree to defraud the United States.

The penalty for this offense is:

A maximum term of 5 years imprisonment, a fine of $250,000, or both, and a term of supervised release of 3 years, plus a special assessment of $100.

b. **Case Number 3:26-cr-550-JFA**:

In order to sustain its burden of proof, the Government is required to prove the following:

**Counts 1-3**
*(Failure to Appear)*

1. First that the Defendant had been released on bond;
2. Second, that the Defendant failed to appear before a court as required; and
3. Third, that the Defendant did so knowingly.

The penalty for this offense is:

A maximum term of 5 years imprisonment to run consecutive to the sentence of imprisonment for any other offense, a fine of $250,000, and a term of supervised release of ~~one~~ three years in addition to any term of imprisonment, plus a special assessment of $100.

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment

schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

A. Special Assessment: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of sentencing, or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

B. Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount of $199,080,643.72 to Medicare. The Defendant further agrees to pay $9,000,000 ($9 million) in restitution at sentencing toward his full restitution obligation. The Defendant agrees to cooperate fully with the Government in identifying any additional victims and any additional assets that the Government determines may be relevant to satisfy restitution or forfeiture. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial

obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

C. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

**Forfeiture**

4. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture by, the United States of America of any and all assets and property, or portions thereof, owned or purchased by the Defendant which are subject to forfeiture pursuant to any provision of law and which are in the possession or control of the Defendant or Defendant's nominees. The assets to be forfeited specifically include, but are not limited to, a money judgment in an amount to be determined by the Court, representing the amount of gross proceeds of the offense(s) of conviction.

Following the entry of this Plea Agreement, the Defendant agrees to the Court's prompt entry of a Preliminary Order of Forfeiture incorporating a money judgment as mandated by Federal Rule of Criminal Procedure 32.2, which shall in any event, be submitted for entry before sentencing. The Defendant acknowledges that he understands that the entry of a forfeiture money judgment is part of the sentence that will be imposed in this case, and waives any failure by the

Court to advise him of this, pursuant to Rule 11(b)(1)(J) or otherwise, at any time his guilty plea is accepted.

The Defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the Defendant up to the value of the money judgment. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The Defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the Defendant's sentence.

The Defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the Defendant's sentencing. The Defendant agrees to take all steps necessary to assist the Government in obtaining clear title to any substitute assets before the Defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

**Merger and Other Provisions**

5. The Defendant represents to the Court that has met with his attorneys on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorneys and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorneys have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at

trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in own behalf, or to remain silent and have no adverse inferences drawn from silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

6. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

7. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

8. If the Defendant complies with all the terms of this Agreement, both parties agree that the appropriate disposition of cases number 3:19-cr-277-JFA and 3:26-cr-550-JFA (irrespective of any fines and/or forfeitures) collectively is an aggregate sentence of 180-240

months incarceration, followed by the appropriate statutory term of supervised release. In the event that the Defendant complies with all terms of this Agreement and the Court declines to impose this sentence, either party will have the right to withdraw the Defendant's Federal Rule of Criminal Procedure Rule 11(c)(1)(C) plea. If the Defendant does not comply with all the terms of this Agreement, the United States will seek the maximum sentence allowed by law and the Defendant will not be allowed to withdraw his plea.

9. The parties agree that the Defendant previously signed a plea agreement, dated April 4, 2019 [ECF Doc. 11 at 3:19-cr-277-JFA], and that the Defendant was found to be in material breach of that agreement on November 7, 2024 [ECF No. 106, same]. The parties agree that the Defendant breached that plea agreement. Based on that breach by Defendant, the parties agree that all statements made by Defendant pursuant to that plea agreement may be used against him in future proceedings, including in this proceeding. The existence of the agreements herein does not affect the Government's ability to use the Defendant's statements made pursuant to that plea agreement against him.

10. The parties hereby agree that this Plea Agreement, together with any written provisions disclosed during the Rule 11 plea hearing in accordance with Fed. R. Crim. P. 11(c)(2), contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties to include the Plea Agreement executed by the parties on April 4, 2019 [ECF Doc. No. 11] with the exception of the breach consequences described in paragraph 9 of this agreement; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the Court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other

promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

6 aug 2026
DATE

HERB KIMBLE,
DEFENDANT

8/6/2026
DATE

JAMES GRIFFIN
MAGGIE FOX
CATHERINE HUNTER
ATTORNEYS FOR THE DEFENDANT

BRYAN P. STIRLING
UNITED STATES ATTORNEY

8/10/2026
DATE

SAMANTHA USHER
WINSTON HOLLIDAY
ASSISTANT UNITED STATES ATTORNEYS